[No. 10301.    Department One.    August 31, 1912.]

JOHN M. BOYLE, as *Administrator etc., et al., Appellants,* v. NARROWS LAND COMPANY, *Respondent.*[1]

VENDOR AND PURCHASER—CONTRACTS—CONSTRUCTION—REPAYMENT OF PURCHASE PRICE—DEATH OF PURCHASER. A provision in a land contract for the repayment, in case the purchaser dies, of all sums paid on the purchase price, provided payment of all installments have been made promptly on or before the date thereof, is intended to secure prompt payment of installments, and being distinct from the stipulation that a sixty-day default should entitle the vendor to claim a forfeiture, a repayment of purchase money can be enforced only on condition that all payments had been made when due, and payments made within the sixty days of grace are unavailing.

SAME—WAIVER—ELECTION. In such a case, payments by an administratrix, representing the heirs at law, constitute an election to proceed with the performance of the contract, and preclude recovery of payments made.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered December 19, 1911, upon sustaining a demurrer to the complaint, dismissing an action on contract, after a trial before the court. Affirmed.

*Boyle, Warburton & Brockway,* for appellants.

*E. R. York,* for respondent.

CROW, J.—This action was commenced by John M. Boyle, as administrator of the estate of Clifton J. Griffith, deceased, and by Delia Griffith, against Narrows Land Company, a cor-

[1]Reported in 126 Pac. 78.

poration, to recover payments of purchase money made on
two contracts of sale of real estate. The trial court sustained a demurrer to the amended complaint. The plaintiffs refused to plead further, and have appealed from the
final judgment of dismissal.

The amended complaint in substance alleges that, on
August 13, 1907, and April 16, 1908, the Narrows Land
Company, as vendor, and Clifton J. Griffith, now deceased,
as vendee, executed two separate written contracts for the
sale of various lots and blocks of platted ground in "Regents
Park," Pierce county, Washington. The only material
variance in the two contracts appears in their dates, the tracts
sold, and the payments to be made. It is therefore necessary to state the terms of one only. The contract of August 13, 1907, provided for the sale of five lots in block 37,
"Regents Park," for $2,750, payable $125 cash, and $31.25
on or before the 13th day of each and every month thereafter. The sale was made subject to certain building conditions not material to the present inquiry. The land was
to be conveyed upon full payment, and time was made the
essence of the contract as to all of its stipulations. The
only provisions of the contract material on this appeal read
as follows:

"In the event that said party of the second part [the
vendee] shall make default in any of the payments hereinbefore provided for at the time the same become due and such
default continues for sixty (60) days thereafter, then, and
in that event the party of the first part shall be relieved from
all obligations under this agreement, and shall be under no
obligation or liability to convey said real property, or any
part thereof, and the money theretofore paid by said party
of the second part shall be retained by said party of the
first part as a consideration for the execution of this agreement, and as a consideration for the right to possession of
said real property, which right of possession is hereby
granted to said party of the second part to continue so long
as payments are made as provided in this contract. . . . .

"In the event of the death of the second party [the vendee]

while this agreement is in force and unassigned, the legal representatives of said second party may continue payments thereon; or the first party will, on request and on surrender of this agreement, provided payment of all installments herein agreed to be paid and then due, have been made promptly on or before the date thereof, pay to the legal representatives of said second party an amount equal to the sum of all monthly installments paid hereon with interest at 6 per cent per annum, from date of payment on the amounts therefor paid from time to time."

The amended complaint alleges that Clifton J. Griffith, the vendee, died intestate at his home in the state of Illinois on January 26, 1910, leaving certain property in the state of Washington; that the contracts had not been assigned; that on June 3, 1911, the plaintiff John M. Boyle was appointed administrator of his estate by the superior court in and for Pierce county, Washington; and that on June 12, 1910, letters of administration were issued to him; that the appellant Delia Griffith is the widow and one of the heirs at law of Clifton J. Griffith, deceased, and that Charles J. Griffith, Samantha J. Prather, Fanny Griffith and Lilly Griffith Fawcett, brothers and sisters of the deceased, are his remaining heirs at law; that Delia Griffith, then residing in Illinois, was appointed and qualified by the probate court of Sangamon county, in that state, as administratrix of the estate of Clifton J. Griffith, deceased; that immediately after her appointment, she and her attorney made the following written demand upon respondent:

"Springfield, Ill. Feb. 4th, 1910.
"Narrows Land Co.,
"Tacoma, Wash.    Clifton J. Griffith had two contracts with you, one under date of August 13th, 1907, for the purchase of lots 52, 53, 54, 55 and 56, block 37, Regent's Park, filed of record July 16th, 1907, in the office of the auditor, and the other, which is not before me, under date of August 16th, 1907, as I am informed for the purchase of ten other lots, and as he died very suddenly on 26th ult., his widow, who will administer on the estate, requests me as her attorney

to inform you that she desires to exercise her right under said contracts, and requests you to pay her an amount equal to a sum of all monthly installments paid on said contract with interest at six per cent per annum, from date of payment on the amounts paid from time to time.

"Please advise me of the amount due her from you on contracts so that I can send contracts and letter of instructions to some bank in Tacoma to deliver to you upon payment of amounts stated in letter I will write to said bank. Please answer.

"Timothy McGrath.
"Delia O'Connor Griffith
"Administrator of the estate of Clifton J. Griffith, deceased."

That respondent refused repayment of the purchase money so demanded, or any portion thereof, insisting that it was under no obligation to make repayment, as all payments on the contracts had not been made promptly at the dates in the contracts stipulated; that after such refusal, Delia Griffith, solely to prevent respondent from claiming any default in payments, and for the protection of herself, the heirs at law, and legal representatives of the deceased, continued to make all payments which, under the terms of the contracts, would have become due and payable up to the 12th day of July, 1911, inclusive, had Clifton J. Griffith survived; that the appellant John M. Boyle, as administrator of the estate of Clifton J. Griffith, deceased, pursuant to an order of the superior court in and for Pierce county, and pursuant to the terms of the agreements, demanded from respondent the money paid by Clifton J. Griffith during his lifetime, together with six per cent interest thereon, and offered to surrender the written contracts; that Delia Griffith joined in such demand; that she, on July 7, 1910, also demanded from respondent the money paid by her after the death of Clifton J. Griffith, with six per cent interest thereon, and that respondent refused to pay the same or any part thereof. The contract of April 16, 1908, called for the purchase price of $7,825, payable $1,442.50 at the date of its execution, and

the remainder in equal installments of $87.50 on the 16th
of each and every month thereafter. Attached to the
amended complaint and made a part thereof are itemized
statements showing that, on the contract of August 13, 1907,
the decedent had paid $1,000 and that Delia Griffith had
paid $652.52 after his death, and showing that, on the con-
tract of April 16, 1908, the decedent had paid $3,092.50, and
Delia Griffith had paid $1,485 after his death. The admin-
istrator demanded judgment for the payments made by
Clifton J. Griffith, while Delia Griffith demanded judgment
for the payments made by her after the death of Clifton J.
Griffith. No question is made as to misjoinder of actions.

The only question presented is whether the amended com-
plaint states a cause of action. To determine this requires a
construction of the contracts of sale. From the exhibits at-
tached to the amended complaint it appears that the last pay-
ment made by Clifton J. Griffith was made on January 1,
1910, in satisfaction of installments that fell due on Decem-
ber 13, 1909, and December 16, 1909, respectively; that
many of the previous payments had been made after maturity
but prior to a default of sixty days, and that at the date of
his death, he was in default for one installment on each con-
tract.

The evident purpose and intention of the second provision
of the contract above quoted, relating to repayment in the
event of the death of the vendee, was to make it an object for
the purchaser to promptly pay each installment on or before
the date of its maturity, thus assuring promptness and avoid-
ing any default. This provision was available to the heirs
and legal representatives of the deceased only on condition
that all payments had been made, and that none should be
past due at the date of the vendee's death. The agreement
that time should be of the essence of the contract applied to
this stipulation as well as to all others. The privilege
granted did not constitute any part of the purchase price,
but, as heretofore suggested, was intended as an inducement

to prompt payment of all installments. It was a distinct stipulation, separate and apart from the other provisions that a sixty-day default in any payment should entitle the vendor to claim the forfeiture of the contract itself and all purchase money theretofore paid. The contract, by its plain terms, permitted a default in payments to continue for sixty days without subjecting the vendee to a forfeiture, but there is no connection, either by implication or express reference, between that stipulation and the provision for refunding all payments in the event of the death of the vendee. The fact that no sixty-day default existed at the date of Clifton J. Griffith's death, and that the contract could not have been then forfeited by the vendor, can be of no avail to appellants in this action, as it will not entitle them to a repayment of the purchase money. The contract, in effect, stipulated that repayment should be made only on condition that "payment of all installments herein to be paid and then due have been made promptly on or before the date thereof." The expressions "then due" and "the date thereof" relate to the date of the death of the vendee. The plain reading of this provision of the contract is that the right to repayment should exist at the date of the vendee's death, on the sole condition that all payments then due had been promptly made. If they had not been then made, the right to claim a repayment did not exist, and could not be thereafter created by any subsequent payment of defaulted installments, even though made within sixty days after maturity.

It further appears from the amended complaint that, after respondent refused to repay the purchase money, Delia Griffith elected to proceed with the payments on both contracts in accordance with their terms for more than a year, and that she made at least one payment on each contract after the appellant John M. Boyle had been appointed administrator in this state. She, as the Illinois administratrix, represented herself and the heirs at law. None of the latter have taken any exception to her action. There can be no question

but that she made an election to proceed with the performance of the contracts instead of standing upon her rights and insisting upon repayment after respondent had refused, if, as she contends, she and the other heirs were then entitled to repayment. Having made this election, she cannot now claim that she made additional payments to protect her rights and those of the heirs at law, and insist upon a repayment of the purchase money under the second stipulation of the contract above quoted.

The demurrer was properly sustained. The judgment is affirmed.

PARKER, GOSE, and CHADWICK, JJ., concur. .