[No. 15817. Department Two. July 7, 1920.]

WILLIAM E. McLAREN, *as Executor etc., Respondent,* v. NARROWS LAND COMPANY, *Appellant.*[1]

VENDOR AND PURCHASER (30)—CONTRACTS—CONSTRUCTION. Where a contract for the purchase of land on the installment plan is ca-pable of more than one construction, that one will be adopted which is most favorable to the purchaser.

SAME (214)—ASSIGNEES OF CONTRACT—CONSTRUCTION—RIGHT TO REFUND. An assignment of a contract for the purchase of land with the written consent of the grantor, pursuant to terms of the agree-ment therefor, carries the whole contract, including the right to a return of the purchase money on death of the holder, notwithstand-ing the provision for refund was in the event of death while the contract "is in force and unassigned," where the contract did not make clear that the refund provision was to be unassignable.

SAME (214). In such case, the right of the legal representatives of the deceased assignee to the refund is not defeated by the fact that the refund was conditioned on the payment of all installments

[1]Reported in 191 Pac. 389.

promptly on or before the date thereof, where the contract provided sixty days grace for the payments, and all payments were made and accepted without objection within the sixty day period.

CONTRACTS (71)—EVIDENCE (179)—PAROL EVIDENCE TO VARY WRITING—INTENT—CONSTRUCTION BY PARTIES. Upon an issue as to the construction of a contract for the sale of land, it is inadmissible to show by parol the construction placed upon the writing by the officers of the land company at the time the company prepared and adopted the printed forms for contracts.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered December 17, 1919, in favor of the plaintiff, after a trial to the court upon an agreed statement of facts, in an action on contract. Affirmed.

*E. R. York,* for appellant.

*Flick & Paul,* for respondent.

TOLMAN, J.—Respondent, as executor of the estate of Edith O. McLaren, deceased, brought this action in the court below to recover back the moneys paid on the purchase price of certain lots in Regent's Park, adjacent to the city of Tacoma, under a contract of purchase in writing, dated December 1, 1908, made by appellant, Narrows Land Company, a corporation, to and with Edith O. Wright and Orinda A. Lucas. The case was tried upon a stipulation as to the facts duly entered into between the parties, and from a judgment against it in the full amount prayed for, appellant prosecutes this appeal.

The facts being stipulated, the main question now to be determined is the proper construction to be placed upon certain terms of the written contract. The contract, among other things, provided that the purchase price of the property therein described should be the sum of $2,000, payable $100 in cash, on the execution thereof, "and the sum of fifteen (15) dollars on or before the 1st day of each and every month thereafter

until the entire sum of two thousand (2,000) dollars is paid." It further provides:

"No assignment of this contract or the premises herein described shall be valid unless the same be made with the written consent of the first party, . . .

"In the event that said parties of the second part shall make default in any of the payments hereinbefore provided for at the time the same become due and such default continues for sixty (60) days thereafter, then, and in that event, the party of the first part shall be relieved from all obligations under this agreement, and shall be under no obligation or liability to convey said real property, or any part thereof, and the money theretofore paid by said parties of the second part shall be retained by said party of the first part as a consideration for the execution of this agreement, and as a consideration for the right to the possession of said real property, which right of possession is hereby granted to said parties of the second part, to continue so long as the payments are made as provided in this contract.

"Time is hereby expressly declared to be of the essence of all the provisions of this agreement, and said agreement and all terms, conditions and covenants thereof, shall be binding upon and inure to the benefit of the heirs, executors, administrators, successors and assigns of the respective parties hereto. . . .

"In event of the death of the second parties while this agreement is in force and unassigned, the legal representatives of said second parties may continue payments thereon; or the first party will on request and on surrender of this agreement, provided payment of all installments herein agreed to be paid and then due, have been made promptly on or before the date thereof, pay to the legal representatives of the said second parties an amount equal to the sum of all monthly installments paid hereon, with interest at six per cent per annum, from date of payment on the amounts therefor paid from time to time."

Attached to the contract is an assignment by Orinda A. Lucas of her interest therein to her copur-

chaser, Edith O. Wright, dated July 20, 1909, and countersigned by the Narrows Land Company, and the written stipulation of Edith O. Wright that she will make all payments and be bound by all of the terms of the contract.

In addition to the initial payment of $100, the purchasers named in the contract made various payments of installments from time to time until July 20, 1909, when the assignment was executed and accepted by the land company; and thereafter Edith O. Wright, then having married, under the name of Edith O. McLaren, continued to make the payments until her death on December 1, 1917. At the time of the death of Mrs. McLaren, all payments then due under the terms of the contract had been paid, but of the 108 monthly installments which had matured prior to her death, only seventeen were paid promptly on or before the due date described in the contract, and the remaining ninety-one installments were, according to the schedule attached to the contract, and stipulated to be correct, paid at various intervals after the date on which each matured, but always within the sixty-day period and before a default might have been claimed, and were accepted and receipted for by the land company as and when made. After the death of Mrs. McLaren, the respondent duly qualified as executor of her estate and made demand for the payment to him of the amounts paid upon the contract, plus interest, according to the refunding condition above quoted.

Appellant strenuously contends that no recovery should have been permitted because (1) the death of both of the purchasers named in the contract did not occur; (2) the agreement was to pay only to the legal representatives of "said second parties," and not to one of them; (3) the contract was not "unassigned" within the meaning of the refunding provision; and

(4). respondent's testatrix had not complied with the condition precedent, in that all of the installments which matured prior to her death had not been paid promptly on or before the due dates fixed by the contract.

It is a familiar rule that such a contract as this must be considered as a whole, so that effect may be given to every part, and if any provision is susceptible of more than one construction, that construction will be adopted which is most favorable to the purchaser. In other words, it will be construed against the grantor.

Considering together the first three points raised by appellant, and bearing in mind this elementary rule of construction, it would seem obvious that, when the grantor provided for the assignment of the contract with its consent, an assignment so made would carry with it the whole contract and all rights thereunder, including the right to a return of the purchase money under the terms of the refunding provision. And after giving its written consent to such an assignment and accepting payments thereunder from the assignee, the land company may not now be heard to say that its consent was but partial or conditional. It had an opportunity, both in the drafting of the contract and in consenting to the assignment, to make clear and plain that the refunding provision should in no event be assignable, and that no assignment of the contract, even though assented to, should extend the refunding privilege to any but the original purchaser. Not having done so before the assignee parted with her money in reliance upon its consent to the assignment, it is now estopped.

We think that the contention that recovery may not be had because all payments were not made on or before the due date, is equally without merit. Admitting that the purpose of the refunding provision was in

part to secure prompt payment of the installments, still the contract itself provides sixty days of grace before default can be claimed, and a payment within that period is a prompt payment within the meaning of the contract. As was said by Judge Rudkin in construing a similar contract in *Livieratos v. Commonwealth Security Co.*, 57 Wash. 376, 106 Pac. 1125:

"On the second question presented we are of opinion that the court was fully warranted in finding or concluding that payments made within the sixty days allowed by the contract of sale were promptly made within the agreement to refund.

"The two contracts related to the same subject-matter, were a part of the same transaction, and if the purchaser was not in default under the one he was not in default under the other. The appellant accepted the respondent's money without objection and the objection now interposed to its return does not strongly appeal to us."

It is true that there is some language used in the case of *Boyle v. Narrows Land Co.*, 70 Wash. 59, 126 Pac. 78, which seems inconsistent with that just quoted, but the decision in the *Boyle* case does not rest upon such inconsistency and we are not bound thereby. The *Boyle* case does hold, in construing a contract identical with this:

"The contract, in effect, stipulated that repayment should be made only on condition that 'payment of all installments herein to be paid and then due have been made promptly on or before the date thereof.' The expressions 'then due' and 'the date thereof' relate to the date of the death of the vendee. The plain reading of this provision of the contract is that the right to repayment should exist at the date of the vendee's death, on the sole condition that all payments then due had been promptly made."

A holding with which we are now content.

Appellant further contends that the trial court erred in not admitting parol testimony to show the construction placed upon the written contract by the officers of the land company when they adopted and had prepared the printed form. Clearly their interpretation of its meaning would not be binding upon the courts, and therefore the offered evidence was immaterial and inadmissible for any purpose.

Finding no error, the judgment appealed from is affirmed.

Holcomb, C. J., Fullerton, Mount, and Bridges, JJ., concur.